# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED BROWN, | CASE NO. 1:10-CV-00167-AWI-DLB PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| CHARLES PICKETT, et al., | (DOC. 1) |
| Defendants. | |

## Screening Order

### I. Background

Plaintiff Alfred Brown ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on December 31, 2009, by filing his complaint in the Southern District of California. On February 1, 2010, the Southern District transferred this action to the Eastern District of California, and also dismissed some of Plaintiff's claims as time-barred.[1]

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

---

[1] Defendants Charles D. Pickett, David Smith, R. Asuncion, and B. Shaw were dismissed from the action.

1

that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*

**II.     Summary Of Complaint**

Plaintiff is currently incarcerated at California Substance Abuse and Treatment Facility ("SATF") in Corcoran, California.  Plaintiff names as Defendants CDCR, staff counsel D. Robbins, CDC Health Care Service representative Anne Arroyo, chief medical officer Edgar Castillo, warden Derral G. Adams, appeals coordinator C. L. Cooper, and chief medical officer E. Flores.[2]

Plaintiff alleges the following.  Plaintiff had reached a settlement agreement with the CDCR in the case of *Brown v. Pickett, et al.*, Case No. 96-CV-493 J(AJB), (S. D. Cal.), on March 16, 2000.  Pursuant to the agreement, Charles Pickett, David Smith, R. Asuncion, and B. Shaw, with the CDCR acting as representative, agreed to 1) pay Plaintiff and his attorney a fixed amount; 2) have Plaintiff's ankle and leg evaluated by an orthopedic specialist to be selected by Plaintiff a list of physicians under contract with CDCR, provided that the chosen physician agrees to conduct the evaluation.  CDCR would also select an orthopedic specialist to evaluate Plaintiff; and 3) following the evaluation, the orthopedic specialist will forward a report to the

---

[2] Plaintiff alleges that in 2000, Plaintiff informed Defendant Castillo of the settlement agreement, and received no response.

chief medical officer where Plaintiff is housed as provide a copy for Plaintiff and his attorney. Following the orthopedic specialists' report, the CMO will approve a treatment plan for Plaintiff's ankle and leg problems, and provide this recommended treatment plan to Plaintiff.

Plaintiff alleges that CDCR has not complied with the second and third terms of the contract agreement. Plaintiff complains of deliberate indifference in violating the settlement agreemenet between Plaintiff and CDCR reached in March 2000.

Plaintiff alleges that his attorney communicated with Defendant Arroyo in 2003 regarding non-compliance with the settlement agreement, and received no response. Plaintiff's counsel sent a follow-up letter and received no response. Plaintiff contends Defendants Arroyo and Robbins were well aware of the breach and deliberately chose not to respond.

Plaintiff received a letter from Defendant Adams on April 30, 2003, regarding Plaintiff's letter informing the warden of the breach of contract. Plaintiff filed grievances regarding this issue. Defendant Cooper turned a blind eye to Plaintiff's inmate appeal regarding the breach of contract. Defendant E. Flores refused to accept that a breach of contract occurred. Plaintiff submits the settlement agreement as an exhibit in his complaint.

Plaintiff requests as relief compensatory and punitive damages.

**III.    Analysis**

   **A.    Breach Of Contract**

Plaintiff's entire claim in this action is based on Defendants' alleged failure to comply with a March 2000 settlement agreement. The United States Supreme Court holds that

> when . . . dismissal is pursuant to [Federal Rule of Civil Procedure 41(a)(1)], (which does not by its terms empower a district court to attach conditions to the parties' stipulation of dismissal) . . . the court is authorized to embody the settlement contract in its dismissal order (or, what has the same effect, retain jurisdiction over the settlement contract) if the parties agree. Absent such action, however, enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction.

*Kokkonen v. Guardian Life. Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994).

Pursuant to the settlement agreement submitted as a supporting exhibit, the district court that presided over that action did not retain jurisdiction over the agreement. Unless there is some independent basis for federal jurisdiction here, this Court cannot enforce the terms of the March

3

1  2000 settlement agreement.  Federal courts lack subject matter jurisdiction over enforcement of
2  settlement agreements such as the one alleged here.

3       **B.    Deliberate Indifference**

4       The Eighth Amendment prohibits cruel and unusual punishment.  "The Constitution does
5  not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and
6  citation omitted).   A prisoner's claim of inadequate medical care does not rise to the level of an
7  Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal
8  civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate
9  indifference in doing so.'"  *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting
10 *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  The deliberate
11 indifference standard involves an objective and a subjective prong.  First, the alleged deprivation
12 must be, in objective terms, "sufficiently serious . . . ."  *Farmer*, 511 U.S. at 834 (citing *Wilson v.
13 Seiter*, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know[] of and disregard[]
14 an excessive risk to inmate health or safety . . . ."  *Id.* at 837.

15      "Deliberate indifference is a high legal standard."  *Toguchi*, 391 F.3d at 1060.  "Under
16 this standard, the prison official must not only 'be aware of the facts from which the inference
17 could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the
18 inference.'"  *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837).  "'If a prison official should have
19 been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no
20 matter how severe the risk.'"  *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175,
21 1188 (9th Cir. 2002)).

22      Plaintiff alleges no facts that indicate deliberate indifference to a serious medical need by
23 any Defendants in this action.  Defendants' deliberate indifference as to the terms of the
24 settlement agreement is not sufficient to state an Eighth Amendment claim.

25      **C.    Eleventh Amendment Immunity**

26      The Eleventh Amendment bars suits against state agencies, as well as those where the
27 state itself is named as a defendant.  *Lucas v. Dep't Of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995)
28 (per curiam); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Here, Plaintiff names as

Defendant the CDCR, a state agency, which has Eleventh Amendment immunity from suit. Plaintiff thus fails to state a claim under § 1983 against the CDCR.

### IV.   Conclusion And Order

Plaintiff fails to state any cognizable claims against any Defendants. The Court will provide Plaintiff with an opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *Iqbal*, 129 S. Ct. at 1949. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," L. R. 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's complaint is dismissed for failure to state a claim, with leave to file an amended complaint within **thirty (30) days** from the date of service of this order; and

///
///
///

4. If Plaintiff fails to comply with this order, the Court will recommend dismissal of this action for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated: **October 9, 2010**          **/s/ Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE