IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED BROWN, | 1:10-CV-00167-AWI-DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING MOTION TO ORDER PLAINTIFF'S PROPERTY BE RELEASED BE DENIED (DOC. 20) |
| v. | |
| CHARLES D. PICKETT, et al., | |
| Defendants. | OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |
| | ORDER GRANTING FOURTH MOTION TO EXTEND TIME TO FILE AMENDED COMPLAINT (DOC. 20) |
| _____/ | 45-DAY DEADLINE |

Plaintiff is a California state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. On June 28, 2011, Plaintiff filed a motion to 1) extend time to file an amended complaint, and 2) order Pleasant Valley State Prison to release Plaintiff's property. Doc. 20.

**I.     Extension Of Time To Amend**

Plaintiff contends that he was transferred to another prison and deprived of his property on June 8, 2011. Plaintiff contends that he has not received his property as of the date of t the filing of this motion, and requires an extension of time to comply with the Court's order. The Court set a deadline of July 1, 2011 for the filing of an amended complaint.

Plaintiff presents good cause for this extension. Any further requests for extension of time are heavily disfavored. Good cause having been presented to the court and GOOD

CAUSE APPEARING THEREFOR, IT IS HEREBY ORDERED that:

Plaintiff is granted forty-five days from the date of service of this order in which to file an amended complaint.

## II. Release Of Property

The Court will treat Plaintiff's request for release of his property as a request for preliminary injunction. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 374 (2008) (citations omitted). The purpose of preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471, 102 S. Ct. 752, 757-58 (1982). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Lyons*, 461 U.S. at 102. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration Serv.*, 753 F.2d 719, 727 (9th Cir. 1985).

Pleasant Valley State Prison is not a party to this action, and the Court lacks jurisdiction to determine the rights of persons not before the Court. Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion for an order to cause Pleasant Valley State Prison to release Plaintiff's property be denied.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written

CAUSE APPEARING THEREFOR, IT IS HEREBY ORDERED that:

Plaintiff is granted forty-five days from the date of service of this order in which to file an amended complaint.

## II. Release Of Property

The Court will treat Plaintiff's request for release of his property as a request for preliminary injunction. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 374 (2008) (citations omitted). The purpose of preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471, 102 S. Ct. 752, 757-58 (1982). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Lyons*, 461 U.S. at 102. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration Serv.*, 753 F.2d 719, 727 (9th Cir. 1985).

Pleasant Valley State Prison is not a party to this action, and the Court lacks jurisdiction to determine the rights of persons not before the Court. Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion for an order to cause Pleasant Valley State Prison to release Plaintiff's property be denied.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written

1  objections with the court. Such a document should be captioned "Objections to Magistrate
2  Judge's Findings and Recommendations." The parties are advised that failure to file objections
3  within the specified time may waive the right to appeal the District Court's order. *Martinez v.*
4  *Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

6  IT IS SO ORDERED.
7  Dated: __August 4, 2011__           /s/ **Dennis L. Beck**
                                       UNITED STATES MAGISTRATE JUDGE