# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED BROWN, | CASE NO. 1:10-CV-00167-AWI-DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM |
| v. | |
| CHARLES PICKETT, et al., | (DOC. 1) |
| Defendants. | |
| _____ / | OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |

**Findings And Recommendations**

**I.     Background**

Plaintiff Alfred Brown ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on December 31, 2009, by filing his complaint in the Southern District of California. On February 1, 2010, the Southern District transferred this action to the Eastern District of California, and also dismissed some of Plaintiff's claims as time-barred.[1] On October 12, 2010, the Court screened Plaintiff's complaint and dismissed it for failure to state a claim, with leave to amend. Doc. 12. After numerous extensions of time, Plaintiff filed his first amended complaint on September 23, 2011. Doc. 22.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

---

[1] Defendants Charles D. Pickett, David Smith, R. Asuncion, and B. Shaw were dismissed from the action.

1

1  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are
2  legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or
3  that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.
4  § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been
5  paid, the court shall dismiss the case at any time if the court determines that . . . the action or
6  appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. §
7  1915(e)(2)(B)(ii).

8  A complaint must contain "a short and plain statement of the claim showing that the
9  pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not
10 required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
11 conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing
12 *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual
13 matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*,
14 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*

15 **II.     Summary Of Amended Complaint**

16 Plaintiff was incarcerated at California Substance Abuse and Treatment Facility
17 ("SATF") in Corcoran, California, where the events giving rise to this action occurred. Plaintiff
18 names as Defendants Charles D. Pickett, David Smith, R. Asuncion, B. Shaw, D. Robbins, staff
19 counsel for the legal affairs division, A. Arroyo, litigation coordinator of the health care services
20 division, D. Duvall, appeals coordinator, P. McGuinness, chief medical officer, and Does 1-3
21 (Director of Corrections, Legal Affairs Director, and Health Care Director).

22 Plaintiff alleges the following.[2] Plaintiff had reached a settlement agreement with the
23 CDCR in the case of *Brown v. Pickett, et al.*, Case No. 96-CV-493 J(AJB), (S. D. Cal.), on
24 March 16, 2000.[3] Pursuant to the agreement, Plaintiff was to have surgery. Pl.'s Am. Compl. 4.

25

26
27       [2] Plaintiff's allegations against Pickett, Smith, Asuncion, and Shaw will not be considered, as those Defendants were dismissed.

28       [3] The Court takes judicial notice of the case, and all court filings therein.

2

1  Plaintiff alleges that Defendants Does 1-3 had no intention of complying with the agreement. *Id.*
2  Plaintiff received correspondence from Defendant D. Robbins, staff counsel, who informed
3  Plaintiff that they would be closing the case file, knowing that they had not complied with the
4  agreement. *Id.* at 5. Plaintiff immediately replied to Defendant Robbins's letter, putting Does 1
5  through 3 and Robbins on notice. Plaintiff did not receive a reply. *Id.* at 6.

6      On August 27, 2003, Defendant Arroyo was contacted, but Plaintiff received no response.
7  *Id.* Plaintiff contends that Defendants Robbins and Arroyo acted as shields for their department
8  heads. *Id.*

9      Plaintiff filed an inmate grievance on February 24, 2004, which was suspended March 2,
10  2004. *Id.* at 7. On April 29, 2004, Plaintiff wrote a request for interview about the suspension of
11  the grievance to Defendant Duvall. *Id.* On May 10, 2004, Defendant D. Duvall stated that it was
12  within the purview of the institution to recommend a treatment plan and to address Plaintiff's
13  issues at the institutional level. *Id.* Plaintiff contends that this was not the agreement. *Id.*

14      The inmate grievance did not receive a second level review until November 8, 2005. *Id.*
15  at 8. Defendant McGuinness signed the final decision, though Plaintiff believes it was Defendant
16  Duvall covering for the delay. *Id.*

17      Plaintiff requests as relief compensatory and punitive damages.

18  **III.   Analysis**

19      **A.   Breach Of Contract**

20      Plaintiff's claim in this action is based on Defendants' alleged failure to comply with a
21  March 2000 settlement agreement. Regarding enforcement of settlement agreements and actions
22  dismissed pursuant to Rule 41 of the Federal Rules of Civil Procedure,

> when . . . dismissal is pursuant to [Federal Rule of Civil Procedure 41(a)(1)], (which does not by its terms empower a district court to attach conditions to the parties' stipulation of dismissal) . . . the court is authorized to embody the settlement contract in its dismissal order (or, what has the same effect, retain jurisdiction over the settlement contract) if the parties agree. Absent such action, however, enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction.

27  *Kokkonen v. Guardian Life. Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994).

28      Pursuant to the settlement agreement, the district court that presided over that action did

1  not retain jurisdiction over the agreement.  Unless there is some independent basis for federal
2  jurisdiction here, this Court cannot enforce the terms of the March 2000 settlement agreement.
3  Federal courts lack subject matter jurisdiction over enforcement of settlement agreements such as
4  the one alleged here.

      **B.**      **Deliberate Indifference**

6        The Eighth Amendment prohibits cruel and unusual punishment.  "The Constitution does
7  not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and
8  citation omitted).  A prisoner's claim of inadequate medical care does not rise to the level of an
9  Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal
10 civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate
11 indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting
12 *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  The deliberate
13 indifference standard involves an objective and a subjective prong.  First, the alleged deprivation
14 must be, in objective terms, "sufficiently serious . . . ." *Id.* at 834 (citing *Wilson v. Seiter*, 501
15 U.S. 294, 298 (1991)).  Second, the prison official must "know[] of and disregard[] an excessive
16 risk to inmate health or safety . . . ." *Id.* at 837.

17       "Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060.  "Under
18 this standard, the prison official must not only 'be aware of the facts from which the inference
19 could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the
20 inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837).  "'If a prison official should have
21 been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no
22 matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175,
23 1188 (9th Cir. 2002)).

24       Plaintiff alleges no facts that indicate deliberate indifference to a serious medical need by
25 any Defendants in this action.  Defendants' alleged deliberate indifference as to the terms of the
26 settlement agreement is not sufficient to state an Eighth Amendment claim.  Plaintiff fails to
27 allege facts which demonstrate that Defendants Does 1-3, Arroyo, and Robbins knew of and
28 disregarded an excessive risk of serious harm to Plaintiff's health.  Plaintiff fails to allege facts

which demonstrate that Defendant Duvall or McGuinness acted with deliberate indifference. Based on Plaintiff's allegation, it appears that Defendants Duvall and McGuinness responded to Plaintiff's inmate grievance, and telling Plaintiff that the treatment plan would be implemented at the institutional level. Plaintiff alleges no facts which demonstrate that Defendants knew of and disregarded an excessive risk of serious harm to Plaintiff's health. Plaintiff's claim is that Defendants were acting outside the alleged scope of the agreement reached in *Brown v. Pickett, et al.*, Case No. 96-CV-493 J(AJB). As stated previously, this is not a cognizable claim.

## IV.     Conclusion And Recommendation

Plaintiff fails to state any cognizable claims against any Defendants. Plaintiff was previously provided leave to amend his complaint to cure the deficiencies identified. Plaintiff appears unable to state a claim. Further leave to amend should not be granted. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that:

1.  This action be dismissed for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983; and

2..  This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g).

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 16, 2011**           **/s/ Dennis L. Beck**
                                                              UNITED STATES MAGISTRATE JUDGE